UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PETER LEBLANC,  :
        Petitioner,  :
          :
  v.  :      CA 10-489 ML
          :
STATE OF RHODE ISLAND,  :
ASHBEL T. WALL, DIRECTOR RIDOC,  :
        Respondents.  :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Before the Court is the Motion to Dismiss Petition for Habeas Corpus (Docket ("Dkt.") #8) ("Motion to Dismiss" or "Motion") filed by designated party/respondent State of Rhode Island (the "State"). The Motion seeks dismissal of the Petition for Habeas Corpus (Dkt. #1) ("Petition") filed by Petitioner Peter LeBlanc ("Petitioner" or "LeBlanc") pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island.

    This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Court has determined that no hearing is necessary. For the reasons that follow, I recommend that the Motion to Dismiss be granted and that the Petition be dismissed.

**I.   Facts and Travel**

    In support of his Petition, Petitioner states the following:

    1) That Petitioner subsequent to adverse decisions in the Rhode Island Superior Court (Providence) gave oral notice

> of appeal and submitted timely written notice of same ... in the matters of <u>State v. LeBlanc</u>, CA. NO. P2-03-1382 & P2-03-2343 respectively, and CA NO P2-05-2056.[1]
>
> 2) Petitioner stated for the record his inability to obtain the proper forms, etc[.,] to file for transcripts, and his inabiliity to access the courts through the ... RIDOC[2] (ACI) prison law library.
>
> 3) Petitioner has sought to obtain transcripts, and appellate counsel via written request to the Rhode Island courts. To date said requests have gone unanswered.
>
> 4) The Fourteenth Amendment provides for transcripts and appellate counsel for indigent defendants. <u>See</u> <u>Douglas v. California</u>[,] 372 U[.]S[.] 353 [(1963)]; <u>Griffin v. Illinois</u>[,] 351 U[.]S[.] 12[(1956).]
>
> 5) Present lock-downs at the ACI ISC[3] men[']s security prevent Petitioner from reasonable "minimum" access to the law library.

Petition at 1-3 (first alteration in original)(underlining added).

In Petitioner's Memorandum in Support [of] 28 USCS [sic] § 2254 (Dkt. #2) ("Petitioner's Mem."), Petitioner reiterates his inability to obtain transcripts and counsel. <u>See</u> Petitioner's Mem. at 1. He further states that "he has been unable to reasonably (if at all) acccess the RIDOC prison law library to perform any meaningful reasearch or preparations of his legal causes in order

---

[1] Petitioner listed CA P2/10-3707A in a Supplement to Amended Motion for Appointment of Counsel (Dkt. #18) ("Supplement") filed on March 14, 2011, pursuant to the Court's Order for Petitioner to Supplement Amended Motion for Appointment of Counsel (Dkt. #13) ("Order to Supplement") directing him to identify "[t]he case number of each sentence which he is seeking to challenge by his Petition ...," Order to Supplement at 2.

[2] Rhode Island Department of Corrections.

[3] Intake Service Center.

to seek redress of perc[ei]ved wrongs," id. at 2; that "he is required to 'submit' his legal paperwork to be copied," id.; and that "it may take as much as (15) days to receive copies from the law library," id. He also alleges that "he was not provided notice as respects State's violation report 32(e)," id. at 4; that "he was transported to the courthouse 'cell-block' from the RIDOC[;] however Petitioner was not brought before the court though a writ of habeas corpus was in fact issued," id., thereby denying his right to due process under the Fourteenth Amendment, see id.; and that "he was held without bail in violation of R.I.G.L[.] § 12-19-9[4] and the 14th Amend[ment,]" id.

---

[4] Pursuant to § 12-19-9:

Whenever any person who has been placed on probation pursuant to § 12-9-8 violates the terms and conditions of his or her probation as fixed by the court, the police or the probation authority shall inform the attorney general of the violation, and the attorney general shall cause the defendant to appear before the court. The court may request the division of field services to render a report relative to the conduct of the defendant, and, pending receipt of the report, may order the defendant held without bail for a period not exceeding ten (10) days, excluding Saturdays, Sundays, and holidays. The court shall conduct a hearing to determine whether the defendant has violated the terms and conditions of his or her probation, at which hearing the defendant shall have the opportunity to be present and to respond. Upon a determination that the defendant has violated the terms and conditions of his or her probation the court, in open court and in the presence of the defendnat, may remove the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed, as to the court may seem just and proper.

R.I. Gen. Laws § 12-19-9 (2002 Reenactment).

Petitioner filed the instant Petition on December 9, 2010. See Dkt. On December 16, 2010, the State was directed to respond to the Petition. See Order (Dkt. #3). Petitioner subsequently filed a Request for Appointment of Counsel (Dkt. #4) ("Request for Counsel") and a Request for Ex Parte Order (Dkt. #5).[5] The Court denied without prejudice the Request for Counsel in an order dated January 4, 2011. See Order Denying without Prejudice Motion for Appointment of Counsel (Dkt. #6) ("Order Denying without Prejudice Motion for Counsel"). The Court stated that:

> The bare bones nature of LeBlanc's Petition ... makes it difficult for this Court to assess the merits of his case. He does not identify the nature of the adverse decisions in the superior court which he is seeking to appeal. Critically, he does not indicate whether he is seeking to take a direct appeal from guilty findings in that court or whether he is seeking to appeal the denial of post-conviction relief proceedings. His entitlement to relief may depend on which it is.
>
> ....
>
> Also adding to the difficulty of assessing the merits of his case is the fact that neither the Petition nor the Request [for Counsel] provides any information as to how long LeBlanc has been attempting to obtain relief in the state court. The length of such period is relevant in determining whether he should be excused from satisfying the exhaustion requirement.

Id. at 5-6 (citations omitted). The Court gave Petitioner the opportunity to file an amended Petition or amended Request for

---

[5] The Request for Ex Parte Order (Dkt. #5) sought an order directing the RIDOC "to treat Petitioner for his various medical issues." Request for Ex Parte Order at 1. The Court denied the Request for Ex Parte Order on January 5, 2011. See Order Denying Request for *Ex Parte* Order (Dkt. #7).

4

Appointment of Counsel in which he was directed to:

> 1. clarify whether he is seeking to take a direct appeal from guilty findings in the superior court or whether he is seeking to appeal the denial in that court of post-conviction relief proceedings;
>
> 2. identify the legal issue(s) which he is attempting to appeal (e.g., that the trial court erroneously denied a motion to suppress certain evidence); and
>
> 3. state how long he has been attempting to obtain relief in the state court or from state authorities, the number of requests which he has made, the date(s) of the request(s), how the request(s) were made, and to whom the request(s) were directed.

Id. at 8.

On January 18, 2011, Petitioner filed an Amended Request for Appointment of Counsel (Dkt. #9) ("Amended Request"), in which he provided some additional information. However, the Court found that "it [was] still unclear which case(s) and sentence(s) he is seeking to challenge by his Petition." Order for Petitioner to Supplement Amended Motion for Appointment of Counsel (Dkt. #13) ("Order to Supplement") at 1. As a result, Petitioner was ordered to file a supplement to his Amended Request and provide:

> 1. The case number of each sentence which he is seeking to challenge by his Petition;
>
> 2. The offense for which each sentence was imposed;
>
> 3. The length of the sentence;
>
> 4. The date (or approximate date) each sentence was imposed; and
>
> 5. Whether an appeal was taken for each sentence, and the result of such appeal.

5

Id. at 2.  Petitioner was warned that failure to comply would result in the denial of the Amended Request.  See id.

Petitioner responded on March 14, 2011, by filing a Supplement to Amended Motion for Appointment of Counsel (Dkt. #18) ("Supplement") in which he provided some information pertaining to CA P2/10-3707A but failed to comply fully with the Order to Supplement.  See Order Denying Amended Motion for Appointment of Counsel (Dkt. #21) at 2-3.  Based on this failure, the Court denied the Amended Request.  See id. at 4.

Meanwhile, on January 13, 2011, the State filed its Motion to Dismiss.  See Dkt.  Petitioner filed an Objection to St[a]te's Motion to Dismiss (Dkt. #11) ("Objection") on January 28, 2011.  See id.

## II.  Habeas Corpus Law

The applicable standard for this Court to consider claims asserted in a state prisoner's § 2254 petition is set forth in the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA").  See Rashad v. Walsh, 300 F.3d 27, 30 (1st Cir. 2002)(noting that where "underlying case involves a state prisoner's attempt to secure a writ of habeas corpus, our task proceeds under the deferential standard of review mandated by the [AEDPA]").  The AEDPA significantly limits the scope of federal habeas review.  See Bell v. Cone, 535 U.S. 685, 693, 122 S.Ct. 1843 (2002)(explaining that the AEDPA "modified a

6

federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law"); Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495 (2000)("In sum, [28 U.S.C.] § 2254(d)(1)[6] places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court."); Sanna v. Dipaolo, 265 F.3d 1, 15 (1st Cir. 2001)("The parameters for granting habeas relief historically have been quite narrow, and the AEDPA standard of review circumscribed those parameters even further.").

Further, before this Court may entertain a petition for habeas relief, a petitioner must fully exhaust his state remedies. See Wilkinson v. Dotson, 544 U.S. 74, 79, 125 S.Ct. 1242 (2005).

> The AEDPA directs that habeas relief "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the

---

[6] Section 2254(d) provides in relevant part that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

....

28 U.S.C. § 2254(d).

7

> State. 28 U.S.C. § 2254(b)(1)(A).[7] This exhaustion requirement codifed preexisting law. The Supreme Court has long maintained "that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act. Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 279 (1982)(discussing Ex parte Royall, 117 U.S. 241, 251, 6 S.Ct. 734, 29 L.Ed. 868 (1886)). We have interpreted this imperative as requiring a habeas petitioner to "have presented both the factual and legal underpinnings of his claim to the state courts in order for us to find it exhausted." Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989). Moreover, we have made no bones about the fact that a failure to exhaust ordinarily is "fatal" to the prosecution of a habeas petition. Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988).

Jackson v. Coalter, 337 F.3d 74, 85-86 (1st Cir. 2003). "[A] habeas petitioner bears a heavy burden to show that he fairly and recognizably presented to the state courts the factual and legal bases of []his federal claim." Id. at 86 (quoting Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997)). A claim is not considered exhausted if the petitioner has the right under the law of the state to raise, by any procedure available, the question

---

[7] Section 2254(b)(1) states that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or
  (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

presented.  See 28 U.S.C. § 2254(c).[8]

**III. Discussion**

    **A.    Failure to State a Claim**

Defendant argues that the Petition should be dismissed because Petitioner has failed to state a claim upon which he would be entitled to federal habeas relief.  See Memorandum of Law in Support of Motion to Dismiss Petition for Habeas Corpus ("Defendant's Mem.") at 3.  Specifically, Defendant contends that "[t]his Court should dismiss LeBlanc's Petition because he does not appear to allege or claim that he is incarcerated pursuant to a state judgment of conviction 'in violation of the Constitution or law or treaties of the United States' or otherwise seek his immediate relese from confinement."  Id. at 4.

"It is clear, not only from the language of §§ 2241(c)(3)[9]

---

[8] According to § 2254(c):

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. 2254(c).

[9] Section 2241(c) provides in relevant part that:

> The writ of habeas corpus shall not extend to a prisoner unless–
>
> ...
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

9

and 2254(a),[10] but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriquez, 411 U.S. 475, 484, 93 S.Ct. 1827 (1973); see also Wilkinson v. Dotson, 544 U.S. at 79 (noting that language of habeas statute and history of writ "make[] clear that it traditionally 'has been accepted as the specific instrument to obtain relese from [unlawful] confinement")(quoting Preiser v. Rodriquez, 411 U.S. at 486)(second alteration in original); Garlotte v. Fordice, 515 U.S. 39, 43-44, 115 S.Ct. 1948 (1995)("The federal habeas statute authorizes United States district courts to entertain petitions for habeas relief from state-court judgments only when the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'")(quoting 28 U.S.C. § 2254(a)); Moore v. Wall, No. 10-049 ML, 2010 WL 668286, at *2 (D.R.I. Feb. 24, 2010)("[A] writ of habeas corpus is only properly available to prisoners who are challenging the

---

28 U.S.C. § 2241(c).

[10] Section 2254(a) states that:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

10

constitutional validity of their confinement in prison and requesting immediate or future release from confinement.").

Here, it does not appear from the Petition that Petitioner is challenging a conviction or sentence. Rather, he requests that this Court:

> a. order the State of Rhode Island to provide transcripts and appoint appellate counsel to Petitioner.
>
> b. order the RIDOC to provide access to Petitioner to the prison law library as law would require or permit.

Petition at 3; cf. Moore v. Wall, 2010 WL 668286, at *2 ("Moore has not requested release from custody as his relief ...."); id. at *1 ("He indicates that the 'injunctive' relief he seeks is that he 'wish[es] to be reclassified to a lower security of this prison system.'"). Thus, habeas relief is not the appropriate vehicle for his claims. Moore v. Wall, 2010 WL 668286, at *2.

Moreover, Petitioner has failed to identify the legal issue(s) for which he is seeking redress, whether an appeal was taken for each conviction and/or sentence, and the result of such appeal as required by the Court's orders. See Order Denying without Prejudice Motion for Counsel at 8; Order to Supplement at 2. In his Amended Request, Petitioner stated that "he appeals from adverse decisions / rulings involving Probation Revocation pursuant to Rhode Island Court Rules, Super. Ct. R. Crim[.] P. Rule 32(f)[,] and Rhode Island General Laws[] [§] 12-19-9," Amended Request at 1, but does not *identify or* describe the adverse decisions or rulings

11

he contests. In his Supplement, Petitioner provided one case number, P2/10-3707A, and described the offense, "attempt to fraudulently obtain controlled substance," Supplement at 1, the sentence, eighteen months incarceration, see id., and the date the sentence was imposed, November 5, 2010, see id. He included no information regarding an appeal of that sentence or any information whatsoever relating to the cases listed in the Petition, P2/03-1382A, P2/03-2343A, and P2/05-2056A, see Petition at 2. Therefore, the Court cannot find that Petitioner is challenging the constitutionality of a conviction or sentence.[11] Cf. Moore v. Wall, 2010 WL 668286, at *2 ("In this action, Moore has not challenged the constitutionality of his confinement, he has only challenged the constitutionality of his classification within the prison system ....").

Consequently, Petitioner has failed to state a claim upon which this Court could grant relief, and the Petition should be dismissed on this basis. I so recommend.

---

[11] To be clear, it is possible that there may be merit in Petitioner's allegations that "he was not provided notice as respects State's violation report 32(e)," Petitioner's Memorandum in Support [of] 28 USCS [sic] § 2254 (Dkt. #2) ("Petitioner's Mem.") at 4, and that "he was held without bail in violation of R.I.G.L[.] Petitioner's Memorandum in Support [of] 28 USCS [sic] § 2254 (Dkt. #2) ("Petitioner's Mem.") § 12-19-9 and the 14th Amend[ment,]" id. However, Petitioner's failure to provide the information required by the Court's Order Denying without Prejudice Motion for Counsel and Order to Supplement renders it impossible for the Court to make this determination or, for that matter, ascertain whether Petitioner has exhausted his state court remedies with regard to these claims, see Discussion § III.B. infra at 13-16.

**B. Exhaustion**

Even assuming Petitioner is attempting to challenge his conviction and/or sentence in any of the cases referenced in the Petition or Supplement, cf. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594 (1972)(noting that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers"), Defendant contends that Petitioner has not exhausted his state court remedies in those cases, see Defendant's Mem. at 6.[12] Therefore, Defendant argues that Petitioner is not entitled to federal habeas relief. See id.

---

[12] Defendant also argues that Petitioner is not entitled to relief in two of the cases cited in the Petition, P2/03-1382A and P2/03-2343A, "because the sentences imposed in each case have seemingly expired." Memorandum of Law in Support of Motion to Dismiss Petition for Habeas Corpus ("Defendant's Mem.") at 5. According to Defendant, "[o]n information and belief, LeBlanc's sentence in ... P2-2003-1382 should have expired in 2006[] and his sentence in P2-2003-2343 should have expired in 2007." Id. Citing Garlotte v. Fordice, 515 U.S. 39, 43-45, 115 S.Ct. 1948 (1995), Defendant notes that an individual is not "in custody" under a conviction as required by 28 U.S.C. § 2254(c)(3) when the sentence imposed for that conviction has fully expired by the time the individual files a federal habeas petition, see Defendant's Mem. at 5. The Court need not reach this argument because it is clear from the Criminal Docket Sheet Reports for each of these cases that Petitioner has not appealed the judgments reflected therein. See Defendant's Mem., Exhibit ("Ex.") 2; id., Ex. 3. Thus, he has not exhausted his state court remedies with regard to these convictions.
Presumably referring to P2/05-2056A and P2/10-3707A, Petitioner states that he "is still serving a (sentence of probation) running concurrent with his sentence to serve at the ACI." Objection at 1. Thus, in these cases, Petitioner is "in custody" for habeas purposes. See Garlotte v. Fordice, 515 U.S. at 41 (holding that petitioner "remains 'in custody' under all of his sentences until all are served"); Maleng v. Cook, 490 U.S. 488, 491, 109 S.Ct. 1923 (1989)(noting that prisoner on parole was still "in custody" under his unexpired sentence)(citing Jones v. Cunningham, 371 U.S. 236, 242, 83 S.Ct. 373 (1963)). However, as discussed above, he has not exhausted his state court remedies for these convictions.

13

As noted previously, see Habeas Corpus Law section II supra at 6-9, before seeking a federal writ of habeas corpus a state prisoner must exhaust available state remedies, "thus giving the state the first 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Josselyn v. Dennehy, 475 F.3d 1, 2 (1st Cir. 2007)(quoting Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887 (1995)). A petitioner exhausts his state court remedies by fairly presenting his claims to the highest state court with jurisdiction to consider them. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732 (1999); see also Josselyn v. Dennehy, 475 F.3d at 3 ("A claim for habeas corpus relief has been exhausted where the claim has been fairly presented to the state courts.")(internal quotation marks omitted); Jackson v. Coalter, 337 F.3d at 87 (noting that "one who seeks to invoke the federal habeas power must fairly present-or do his best to present-the issue to the state's highest tribunal")(quoting Mele v. Fitchburg District Court, 850 F.2d 817, 820 (1st Cir. 1988)). "Where, as here, a state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies." Josselyn v. Dennehy, 475 F.3d at 3.

It is clear from the docket sheets attached to Defendant's Mem. that Petitioner has not exhausted his state court remedies with regard to the cases listed in the Petition and Supplement.

14

Nowhere in these documents does it appear that Petitioner has appealed his conviction or sentence, or even attempted to do so. See Defendant's Mem., Ex. 2 (Criminal Docket Sheet Report for P2/03-1382A); id., Ex. 3 (Criminal Docket Sheet Report for P2/03-2343A); id., Ex. 4 (Criminal Docket Sheet Report for P2/05-2056A); id., Ex. 5 (Criminal Docket Sheet Report for P2/10-3707A). Moreover, Petitioner has provided no information which would allow the Court to reach a different conclusion.[13]

Petitioner does not contend that he has exhausted his state remedies. Rather, he states that "his independent labors to obtain transcripts and appellate counsel have been fruitless, and thus can be construed as an exhaustion of his state remedies." Petitioner's Mem. at 3. In response to the Order Denying without Prejudice Motion for Counsel, Petitioner states that he "has sought to seek redress of the issues indicated herein both on the record and in writing in various actions in the Superior court from as early on as 2001." Amended Request at 2; see also Petition at 1 ("That

---

[13] Petitioner has filed excerpts from the transcript of a violation hearing which occurred on October 21, 23, and November 7, 2008, see Petitioner's Mem., Ex. A, which he describes as "an unrelated matter," Petitioner's Mem. at 1. The transcript bears the case numbers P2/05-2056A and P2/04-0691A. See id., Ex. A at 1. Petitioner filed a previous habeas corpus action, raising similar issues, in this Court challenging his sentence as a probation violater in P2/04-0691A. See Defendant's Mem., Ex. 6 (Report and Recommendation dated February 25, 2009) at 1-2. Although he filed a notice of appeal to the Rhode Island Supreme Court, he filed his federal habeas petition before that appeal was completed. See id. at 2. Consequently, his prior petition was dismissed as unexhausted. See id. at 4; see also Defendant's Mem., Ex. 7 (Order dated March 16, 2009, adopting report and recommendation of 2/25/09 in its entirety and dismissing petition).

15

Petitioner subsequent to adverse decisions in the Rhode Island Superior Court (Providence) gave oral notice of appeal and submitted timely written notice of same ...."). He has not, however, provided the specific information required by the Order Denying without Prejudice Motion for Counsel with regard to those attempts. See Order Denying without Prejudice Motion for Counsel at 8 (directing Petitioner to provide, in addition to how long he had been attempting to obtain relief in the state courts, "the number of requests which he has made, the date(s) of the request(s), how the request(s) were made, and to whom the request(s) were directed"). Moreover, by his own statements, see Amended Request at 2 (stating that he has sought redress "in various actions in the Superior court"); Petition at 1 (noting that subsequent to adverse decisions in superior court Petitioner gave oral and written notice of appeal), Petitioner acknowledges that he has not "give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," O'Sullivan v. Boerckel, 526 U.S. at 845, by presenting them to the Rhode Island Supreme Court.

Accordingly, Petitioner cannot be said to have exhausted his state court remedies, and the Petition should be dismissed on this basis. I so recommend.

**IV. Summary**

Petitioner is not challenging a conviction or sentence, nor does he seek release from custody. Thus, habeas corpus is not the proper avenue to address his claims. Additionally, Petitioner has not presented his claims to the Rhode Island Supreme Court. Therefore, he has not exhausted his state court remedies. Accordingly, the Petition should be dismissed.

**V. Conclusion**

For the reasons explained above, I recommend that the State's Motion to Dismiss be granted and that the Petition be dismissed. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
April 29, 2011